IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
(Seattle)

| | |
|---|---|
| LAUGHING RABBIT, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTAR MARKETING GROUP LLC,<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |

Plaintiff, Laughing Rabbit, Inc., doing business as LRI (hereinafter "LRI"), for its complaint against Defendant ALLSTA MARKETING GROUP LLC doing business as "ALLSTAR MARKETING GROUP LLC" or "BUXTON WALLET" (hereinafter "ALLSTAR MARKETING GROUP" or "BUXTON WALLET") alleges as follows:

### THE PARTIES

1. Plaintiff LRI is a corporation of the State of Oregon, having a business address of 20448 Highway 36, Blachly, Oregon 97412.

2. On information and belief, Defendant Allstar Marketing Group is a corporation of New York, having a business address of 4 Skyline Drive, Hawthorne, New York 10532.

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 1
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

3. On information and belief, Defendant Allstar Marketing Group occasionally does business under its corporate name.

4. On information and belief, Defendant Allstar Marketing Group is also doing business under the fictitious name "BUXTON WALLET".

## JURISDICTION AND VENUE

5. This civil action arises under the design patent laws of the United States, 35 U.S.C. §§ 271, 281, 283, 284, 285, 289; the federal unfair competition laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; The Federal Trademark Laws of the United States; 15 U.S.C. § 1114 [Lanham Act § 32]; and under the Washington State Consumer Protection Act R.C.W. 19.86.020, *et seq.* Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a)

6. Venue with respect to the Defendant is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) as well as under 28 U.S.C. § 1400(b) because on information and belief the Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1397(c) and is doing business therein and/or is an individual having committed acts of infringement and having a regular and established place of business within this judicial district.

## FACTS COMMON TO ALL COUNTS

7. LRI is a manufacturer and wholesale distributor of specialty lighting products including the light emitting diode (hereinafter "LED") flashlights shown on page 3 of Exhibit A attached hereto, and herein referred to as the "Photon Micro-Light®" or Photon® I, II, and III products.

8. LRI has since at least as early as 1994 made, sold and transported in interstate commerce, and throughout the State of Washington, millions of its Photon® products shown on page 3 of Exhibit A attached hereto. LRI's customers for these products include Recreational Equipment, Inc., Army-Air Force Exchanges, Meijers, Sport Chalet, L.L. Bean, Q.V.C.,

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 2
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

3. On information and belief, Defendant Allstar Marketing Group occasionally does business under its corporate name.

4. On information and belief, Defendant Allstar Marketing Group is also doing business under the fictitious name "BUXTON WALLET".

## JURISDICTION AND VENUE

5. This civil action arises under the design patent laws of the United States, 35 U.S.C. §§ 271, 281, 283, 284, 285, 289; the federal unfair competition laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act § 43(a)]; The Federal Trademark Laws of the United States; 15 U.S.C. § 1114 [Lanham Act § 32]; and under the Washington State Consumer Protection Act R.C.W. 19.86.020, *et seq.* Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a)

6. Venue with respect to the Defendant is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) as well as under 28 U.S.C. § 1400(b) because on information and belief the Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1397(c) and is doing business therein and/or is an individual having committed acts of infringement and having a regular and established place of business within this judicial district.

## FACTS COMMON TO ALL COUNTS

7. LRI is a manufacturer and wholesale distributor of specialty lighting products including the light emitting diode (hereinafter "LED") flashlights shown on page 3 of Exhibit A attached hereto, and herein referred to as the "Photon Micro-Light®" or Photon® I, II, and III products.

8. LRI has since at least as early as 1994 made, sold and transported in interstate commerce, and throughout the State of Washington, over millions of its Photon® products shown on page 3 of Exhibit A attached hereto. LRI's customers for these products include Recreational Equipment, Inc., Army-Air Force Exchanges, Meijers, Sport Chalet, L.L. Bean, Q.V.C.,

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 2
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Amazon.com, Inc., and other national retailers. LRI's Photon® products are also available online through "www.photolight.com."

9.  LRI's Photon® product configuration shown in Exhibit A is primarily non-functional and visually distinctive, is prominently displayed to LRI's customers and to the purchasing public through packaging shown in Exhibit B attached hereto, and is recognized by LRI's customers as an indicator of source. LRI's use of the Photon® design has been exclusive and continuous for more than five years and has resulted in that product configuration having acquired a secondary source-indicating significance with LRI's customers. LRI has extensively advertised the Photon® configuration product configuration to its customers.

10. On information and belief, Defendant Allstar Marketing Group is a retail distributor of a variety of consumer products including wallets, leather goods and LED flashlights.

11. On information and belief, Defendant Allstar Marketing Group has since at least as early as October 19, 2009 offered to sell LED flashlights substantially identical in appearance to that shown in Exhibit C attached hereto co-packaged, co-sold and co-delivered to the public through www.buxtonwallet.com. Exhibit C is a true and accurate copy of photographs of the products offered for sale by and distributed by Defendant Allstar Marketing Group at said website. The Defendant's co-sold LED flashlight product shown in Exhibit C is substantially identical in external, nonfunctional appearance to LRI's Photon® products shown in Exhibit A attached hereto.

12. On information and belief, Defendant Allstar Marketing Group has been engaged in the retail sale of LED flashlights shown in Exhibit C attached hereto in this Judicial District and may still be selling such products.

13. Defendant Allstar Marketing Group was placed on notice of LRI's rights, by letter dated November 4, 2009, a copy of which is attached hereto as Exhibit D. On information and belief, Allstar Marketing Group continued to sell the accused product thereafter.

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 3
LAUG-6-1839 COMPLAINT

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CLAIM FOR RELIEF, COUNT I

### Violation of Consumer Protection Act

14. LRI repeats and realleges each and every allegation of paragraphs 1 - 13 as if recited herein.

15. The above described acts of Defendant Allstar Marketing Group, constitute an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce in violation of R.C.W. 19.86.020 *et seq.* that have infringed LRI's common law trademark rights and thereby injured LRI in its business and property.

16. Defendant's aforesaid acts have been knowing, willful and without Plaintiff's permission and have been intended to trade on LRI's goodwill in the State of Washington.

## CLAIM FOR RELIEF, COUNT II

### Federal Unfair Competition

17. LRI repeats and realleges each and every allegation of paragraphs 1 through 16 as if recited herein.

18. Defendant's aforesaid product identified in Exhibit C is a false designation of origin, which is likely to confuse the public into believing that there is an affiliation, connection or association between the source of the Defendant's aforesaid product, and the source of LRI's products shown in Exhibit A.

19. LRI is likely to be damaged by such confusion as to affiliation, connection or association of the type described.

20. The Defendant's aforesaid acts have been knowing, willful and without LRI's prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C. § 1125(a) [§ 43(a) of the Lanham Act].

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 4
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CLAIM FOR RELIEF, COUNT III

### Design Patent Infringement

21. LRI repeats and realleges each and every allegation of paragraphs 1 – 20 as if recited herein.

22. David Allen is the owner of United States Design Patent No. Des. 375,372 S (hereinafter the "'372 Patent") issued on November 5, 1996 entitled "Pocket Flashlight". A true and accurate copy of said patent is attached hereto as Exhibit E. LRI is the exclusive licensee of Mr. Allen's rights under the '372 Patent including the exclusive right to enforce that patent in a civil action.

23. Defendant Allstar Marketing Group was provided with a copy of the '372 Patent as an attachment to a letter dated November 4, 2009. A true and accurate copy of that letter is attached hereto as Exhibit D.

24. LRI's "Photon®" products and/or packaging have been marked with the legend "patented Des. 375,372" substantially at all times since the issuance of the application which matured into the '372 Patent. At no time since the issuance of said patent has LRI distributed its Photon® products without the appropriate patent number.

25. Defendant Allstar Marketing Group has directly infringed and induced the infringement by others of the '372 Patent by importing, selling and offering to sell in and into the United States plastic LED flashlights shown in Exhibit C appended hereto, and may still be infringing the '372 Patent. Defendant's product shown in Exhibit C literally infringes the '372 Patent and is legally equivalent to the design claimed in the '372 Patent.

26. By reason of said acts by Defendant, LRI has been and may continue to be seriously damaged and irreparably harmed unless the Defendant is enjoined by this Court from the actions complained of herein, preliminarily and permanently, and thus LRI is without adequate remedy at law.

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 5
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

27.   Defendant's aforesaid acts are without the prior knowledge, consent or permission of LRI.

28.   LRI is entitled to and therefore demands damages, costs and attorney's fees as allowable under 35 U.S.C. §§ 284, 285 and 289, including a trebling of any award.

29.   This is an exceptional case for purposes of awarding monetary damages, costs and attorney's fees.

**CLAIM FOR RELIEF, COUNT IV**

Registered Trademark Infringement

30.   LRI repeats and realleges each and every allegation of paragraphs 1 through 29 as if recited herein.

31.   Since at least as early as 1994, LRI has distributed its Photon® brand LED flashlights substantially in the configuration shown on page 3 of Exhibit A. LRI has distributed millions of its Photon® products throughout the United States. LRI's Photon® product configuration is primarily non-functional.

32.   David Allen has applied for registration of his trademark in the Photon® product configuration in compliance with 15 U.S.C. § 1051(a) [Lanham Act § 1(a)] and was granted U.S. trademark registration No. 2,791,033 on December 9, 2003. A true and accurate copy of Mr. Allen's trademark registration is attached hereto as Exhibit F. Plaintiff LRI is the exclusive licensee of Mr. Allen's rights under the '033 trademark registration including the exclusive right to enforce the registration by way of civil action.

33.   On information and belief, the Defendant Allstar Marketing Group provided said registered product configuration to others not in privity with LRI for the purpose of duplicating said configuration as shown in Exhibit C attached hereto for resale by Defendant Allstar Marketing Group so as to confuse the relevant purchasing public as to the source, sponsorship or affiliation of Defendant's LED flashlight product with the source, sponsorship or affiliation of

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 6
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

LRI's aforesaid products and has offered for sale and sold said configuration in commerce regulated by Congress.

34.  Defendant's aforesaid acts were without the prior knowledge, permission or consent of LRI and therefore violate LRI's exclusive rights under 15 U.S.C. § 1115.

35.  In accordance with 15 U.S.C. §§ 1116, 1117, LRI is entitled to an injunction against further infringement and an award for the actual damages it has suffered and all profits, gains and advantages derived by the Defendant as a result of its infringement of LRI's rights under the registered trademark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment by this Court against the Defendant providing:

(a)  That the Defendant has violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 et seq.;

(b)  For an award of damages, together with interest, to compensate the Plaintiff for the Defendant's past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to Plaintiff of all of its costs and attorney's fees with respect thereto in accordance with R.C.W. 19.86.090;

(c)  That the Defendant has violated § 43(a) of the Lanham Act;

(d)  That the Defendant, its respective agents, servants, employees, attorneys and all other persons in active concert or in participation with each Defendant be preliminarily and permanently enjoined and restrained from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection of association or the Defendant with the Plaintiff by virtue of similarities between the Defendant's LED flashlights and the Plaintiff's LED flashlights;

(e)  For an award of damages in accordance with 15 U.S.C. § 1117(a) including all of the Defendant's profits, damages sustained by the Plaintiff, and the costs of the action including

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 7
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

a trebling of such damages and that the Court determine that this is an exceptional case and award the Plaintiff its reasonable attorney's fees;

   (f) That the Defendant has infringed and/or induced infringement of United States Letters Patent No. Des. 375,372;

   (g) That the Defendant, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with the Defendant, by preliminarily and permanently enjoined and restrained from importing, making, using, selling or offering to sell any LED flashlight having an external appearance which infringes any claim of the asserted patent.

   (h) For an award of damages, together with interest, to compensate Plaintiff for the past infringement by the Defendant of the asserted patent, and that such award be trebled, and for an award to Plaintiff of all of its costs and reasonable attorney's fees with respect thereto in accordance with 35 U.S.C. §§ 284 and 285, and for all of the profits made by the Defendant as a result of its infringing activity in accordance with 35 U.S.C. § 289;

   (i) That the Defendant has infringed Plaintiff's registered trademark in its Photon® product configuration.

   (j) That the Defendant, its respective agents, servants, employees, attorneys, and all other persons in active concert or in participation with the Defendant, by preliminarily and permanently enjoined and restrained from selling or offering to sell in commerce Defendant's LED flashlight product shown in Exhibit C and substantially identical products and that this Court issue an order pursuant to 15 U.S.C. § 1116 requiring the Defendant to produce all LED flashlights made or used in violation of Plaintiff's exclusive trademark, and of all molds or other articles by means of which such LED flashlights may be reproduced for destruction and file and serve a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction;

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 8
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(k)     For an award of the Plaintiff's actual damages and the Defendant's profits in accordance with 15 U.S.C. § 1117, together with interest as this Court considers just to compensate Plaintiff for the past infringement of its trademark in its Photon® product configuration and for an award to Plaintiff of all its costs with respect thereto in accordance with 15 U.S.C. § 1117; and

(l)     For other and further relief as is provided by law and that this Court deems just and equitable.

Respectfully submitted,

BLACK LOWE & GRAHAM$^{\text{PLLC}}$

Dated *April 9, 2010*

By: _____
Michael J. Folise, WSBA #15,276
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Phone (206) 381-3300
Fax (206) 381-3301

Dated _____

By: _____
Lawrence D. Graham, WSBA #25,402
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Phone (206) 381-3300
Fax (206) 381-3301

Counsel for Plaintiff

S:\Clients\L\LAUG\6-Litigation\6-1839 (BUXTONWALLET.COM)\LAUG-6-1839 COMPLAINT.doc

COMPLAINT FOR PATENT AND TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION - 9
LAUG-6-1839 COMPLAINT

BLACK LOWE & GRAHAM $^{\text{PLLC}}$
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301